# January Term, 1853.

## CLARKSON and VANDERSLICE, Appellants, *v.* JULIAN HANKS, Defendant.

The principles decided in the case of Leese and Valejo *v.* Clarke, govern this case.

The grant bears upon its face the condition, that the grantee shall subject himself to the confirmation of the territorial legislature. The acts of a legislative body are susceptible of proof, either by records or parol proof, and cannot be presumed.

By the language of the "Instructions" of 1821, "the grant asked for shall not be definitively valid, without the previous consent of the territorial deputation, and the *expedientes* shall be forwarded to it."

These conditions must be complied with to vest in the grantee a complete legal title, without which an ejectment will not lie.

The rights of Mexico passed to the United States, and Congress, in the exercise of its political power, has control over Mexican grants, in cases where the absolute fee has not been passed to the grantee, and for their protection the United States has pledged her faith by solemn treaty.

APPEAL from the Third Judicial District, see page 27, ante.

In the above cause, decided at the October Term, 1852, a petition was filed, and motion made for a rehearing, which having been considered by the court at this term, the following opinion was delivered by WELLS, Justice, with which MURRAY, Chief Justice, concurred, and ordered a rehearing accordingly.

WELLS, Justice. The above cause was argued before two of the justices of the Supreme Court, in the absence of the chief justice, at the last term, and a decision rendered in favor of the appellants. At the same term of the court at which the above cause was determined, and a short time previous thereto, a decision was announced from the bench by the chief justice, in the case of Leese and Valejo *v.* Clarke (in which judgment one of his

associates concurred), wherein principles were laid down and maintained as correct, which are directly in conflict with the principles advanced in the decision given in the present case, being diametrically opposed. One or the other of the opinions must be erroneous, and both ought not to remain in their present condition, neither having received the sanction of, or been heard before, a full bench. From these considerations, and in view of the vast magnitude and importance of the interests depending upon a final and early determination and settlement of the questions involved therein, the petition of the respondent should, in my judgment, be granted, and a rehearing ordered herein, to be had before a full court.

The cause having been reheard, in pursuance of the foregoing opinion and order, the opinion of the court was delivered as follows, by Murray, Chief Justice, with which Wells, Justice, concurred.

Murray, Ch. Justice. Upon the decision of the case of Leese and Valejo v. Clarke, I fully considered the principles which govern this cause; notwithstanding the lights which have been brought to bear, and the ability of the learned counsel for the respondents, I see no good reason to change my opinion as then expressed. I am aware that the principles involved are important, and that no case has ever been passed upon by this tribunal, which so distinctly affects the prosperity of this State; at the same time I am fully satisfied, not only that the conclusions of law at which I arrived are sound, but also that a different rule of decision would be disastrous to the best interests of the State, and iniquitous, unjust, and inequitable in its operation.

I am of opinion that the grant on which the present suit is brought, conveys but an inchoate title, and that ejectment cannot be maintained upon it.

If the plaintiffs have any equitable rights in the premises, those rights will doubtless be respected and confirmed by the United States.

The grant in this case, bears upon its very face the condition that the grantee shall subject himself to the confirmation of the

territorial legislature; how then can it properly be said that such confirmation is to be presumed? The acts of a legislative body are susceptible of proof either by the written records and journals, or by parol, and if the grant in question had ever been confirmed, it would doubtless be in the power of the plaintiffs to prove it. By the language of the Instructions of 1828, "the grant asked for shall not be definitively valid without the previous consent of the territorial deputation, to which end the *expedientes* shall be forwarded to it."

I am ignorant of any process of reasoning, by which a court could arrive at the conclusion, that a grant had been confirmed in the absence of all proof of the fact, and that too, when it bears on its face, the condition that the grantee should subject himself to such confirmation. To my mind these conditions must be complied with, in order to vest in the grantee a complete legal title, without which, under the rule of the common law, which is the rule of our decision, an action of ejectment will not lie. I do not pretend that a grant like the present, does not convey any right to the grantee, but only that it does not convey an absolute title. Such grants never were perfect under the Mexican law; the absolute fee never parted from the government. That right has passed to the United States, and she, in the exercise of her political power, has established a board of commissioners, whose duties are in the nature of an inquest of office to determine these titles, and settle these rights, for the protection of which she has pledged her faith by solemn treaty. Suppose, for the sake of illustration, the plaintiff should recover in this suit, and eject the defendant from the possession of a valuable tract of land, recovering the improvements, and a large amount of damages, or mesne profits, and the Board of Land Commissioners, and the Supreme Court of the United States should afterwards reject the plaintiff's grant, refuse to confirm it, and declare the title to be in the United States, what reparation could be made to the defendant for his loss of property? It is doubtful whether he could maintain any action in the courts of the State, and even if he could, the plaintiff might be wholly unable to respond to him in damages. Such must be the result in many cases, if the court should sustain the doctrine contended for, and

would result in a plain violation of the principles both of law and equity. Besides, there are many other essentials wanting to render the title in this case complete. Whenever Congress shall have interposed, and by an act of political power confirmed these grants, then, and not until then, will they have any standing in court.

Judge WELLS, who agrees with me in the conclusions to which I have arrived, will, at his earliest convenience, render his opinion in this case in writing, and give the reasons which lead him to concur in this decision.

The judgment of the District Court is therefore affirmed, with costs.